ADAMS, Justice.
The defendants, Carlton and Mary Sue Foster and Robert and Carol Scott, appeal a judgment in favor of the plaintiffs, Marion and liana Bass, William and Mildred Donehoo, and Mary Stafford, holding that the plaintiffs had obtained a prescriptive easement across the properties of the defendants. We affirm.
The trial court stated the following in its order, which we adopt in toto:
“This case came before the Court for hearing on the 31st day of July 1991 after notice to all parties. The Defendants, Carlton Foster, Mary Sue Foster, Robert C. Scott and Carol Scott, were present in court with their retained attorney. The other defendants were present and appeared pro se. The Plaintiffs were present with their retained attorney. The Court proceeded to hear the evidence ore tenus.
“This suit was brought to establish an easement for access to lots owned by the Plaintiffs. There are actually two different easements sought. An easement by prescription or adverse possession is sought along an old road bed running from a main road along or through property of the Defendants other than Carlton Foster and his wife, Mary Sue Foster. The other easement claimed extends across the property of Carlton Foster and his wife, Mary Sue Foster. The claim to the second easement is based on the interpretation of a written easement.
“It is clear from the evidence that the property owned by the Plaintiffs was originally a part of a larger tract of land owned by the Smith family. That larger tract of land was divided among several heirs. As a result of that division one of the Smith heirs received a tract of land with no access to a public road. It is clear from the evidence that there was a road leading to this tract along or through other parcels of the Smith property. That road was used by the owner of the lower tract in order to gain access to the main road. This lower tract was later purchased by Levi Foster, who sold the Plaintiffs the lots they now own. Levi Foster thereafter sold the remaining portion of that parcel to the Defendants Carlton Foster and Mary Sue Foster. Levi Foster willed other real estate he owned, not a part of the Smith property, to two nephews.
“Other portions of the Smith estate are now owned by the Defendants Robert C. Scott, Carol Scott, Doyle M. Edmondson, Johnny E. Miles, and Ada Lucille Miles. Access to property now owned by the Plaintiffs and Defendants Carlton Foster *1050 and Mary Sue Foster, was through the original access road and around the Northern, Eastern, and Southern perimeter of the Levi Foster property. Levi Foster gave to Plaintiffs, Marion Bass, William R. Donehoo, and wife, Mildred Donehoo, a written easement across his property, but the instrument failed to designate the exact location of the granted easement but did place it within the quarter section within which the Carlton and Mary Sue Foster property lies and not within the quarter section where the property willed to Levi Foster’s nephews lies. There was sufficient evidence to determine that Levi Foster represented to the Plaintiffs that the traditional access road was to be used, and [that] the Plaintiffs would have an easement from that road across the northern, eastern, and southern perimeter of his property to the property of the Plaintiffs.
“At some time after the death of Levi Foster, gates were placed across the established access road and only Carlton Foster among the owners of the lower tract was allowed to continue to use it. Levi Foster’s nephews offered an alternative route through their property, but that access is not adequate to afford the Plaintiffs reasonable access to their properties. Although the nephews testified, they are not parties to this suit, and there is no written documentation of an easement through their property. The evidence is conflicting, but there is sufficient evidence to establish that the condition of the access across the nephews’ property is such that the Plaintiffs have not been able to use it and have been unable to use their respective properties.
“The evidence does show that an easement by prescription exists along and through the existing access road leading from the main road' to the property of Carlton Foster and Mary Sue Foster, and the court finds that Levi Foster intended by virtue of the written easement submitted into evidence to give those persons who purchased lots from him a right to an access easement across the northern, eastern, and southern boundary of his property.
“After due consideration of all the evidence and the matters at issue, it is Ordered, Adjudged, and Decreed as follows:
“1. The Plaintiffs and their successors in interest have the right to continue to use the established access road across the property of Robert C. Scott, Carol Scott, Doyle M. Edmondson, Johnny E. Miles, and Ada Lucille Miles. The Defendants may continue to maintain gates across the road, but must furnish to each of the [Plaintiffs] or their successors in title a key to any lock that is placed on any gate so that the Plaintiffs may have unimpeded access to and use of the road and their respective properties.
“2. The Plaintiffs and their successors in interest have an access easement from the established access road along the northern, eastern, and southern perimeter of the property of Carlton Foster and Mary Sue Foster to their respective properties and shall be allowed the free, unimpeded use of the same for such purpose. The Plaintiffs shall further be allowed to do whatever is necessary to make adequate improvements to make the access easement hereby decreed reasonably usable.
“3. None of the Defendants shall have any responsibility for the maintenance of any of the easements herein established.”
At the hearing on the defendants’ motion for new trial, the judge explained the placing of the easement as follows:
“My intent in establishing the easement along the fence line was to try to conform the easement to what I deemed the intent — the original intent of the parties was and at the same time to do as little to interfere with use of this pasture. So that’s why it ran along the fence line rather than cut across the pasture and I think that I’m correct in my recollection of the testimony that in showing this property and in demonstrating the easement that the parties have really run along the fence line rather than going cross country. That’s my recollection of the testimony. And ... if it varies from straight section lines ... that is the reason that it varies.
*1051 “I recognized the fact at trial that this property sits in two sections. You know, it’s very close. As a matter of fact, there were some defendants who were original parties to the suit who were dismissed because it looked like their property might be affected. Whereas, once we really got down the survey of it, determined that they were in a different section and would not be affected. I believe that’s correct.”
It appears uncontroverted that Levi Foster used the access road over the Scotts’ land for approximately 40 years in order to reach his own land. During that time, at least on a few occasions, the county graded the road in order for soil to be removed from Levi’s property. Although there is not sufficient evidence to hold that the access road was a public road, there was sufficient evidence for the trial judge to find that Levi Foster used the access road pursuant to a claim of right.
There was additional testimony that during Levi’s lifetime, others used that access road over the Scott property. Although the Scotts and Carlton and Mary Sue Foster argue that, following Levi’s death, the access was blocked from 1980 until the institution of this action, the trial judge nevertheless found that Levi Foster had acquired a prescriptive easement over the property of the Scotts in order to reach his own. Levi Foster owned the property now owned by Carlton and Mary Sue Foster and, as evidenced by the record, there was of record a written easement over the property purchased by Carlton and Mary Sue Foster given by Levi Foster to the Basses, the Donehoos, and Mary Stafford. Although the written easement does not conform to the easement as set out by the trial judge, the evidence set forth at the trial indicates that Levi intended that the parties use the access road described in the trial judge’s order.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and INGRAM, JJ., concur.